**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| PATRICIA MILLER, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF MICHAEL MILLER, and ROBERT VAUGHN, INDIVIDUALLY, | : : : : : : : | |
| Plaintiffs, | : : | CIVIL ACTION NO. 1:-09-CV-2506-RWS |
| v. | : : | |
| DAIMLER AG, CHRYSLER, LLC, DAIMLERCHRYSLER CORPORATION, U-HAUL OF GEORGIA, and CHRYSLER GROUP, LLC (f/k/a NEW CARCO ACQUISITION, LLC), | : : : : : : | |
| Defendants. | | |

## **ORDER**

This case is before the Court for consideration of Chrysler Group, LLC's Motion to Transfer Venue [11]; Plaintiff's Motion to Stay Consideration of Any Motion to Transfer [12]; Plaintiff's Motion to Remand and/or to Abstain [17]; and Defendant Daimler AG's Motion to Dismiss for Lack of Personal Jurisdiction [20]. After reviewing the entire record, the Court enters the following Order.

## Background of the Case

Plaintiffs Patricia Miller, Individually and as the Administratrix of the Estate of Michael Miller, and Robert Vaughn, Individually ("Plaintiffs") filed a Complaint in the State Court of Fulton County, Georgia, against Defendants Chrysler LLC, Daimler AG, DaimlerChrysler Corporation, and U-Haul Co. of Georgia ("U-Haul") on December 23, 2008 initially known as Patricia Miller, Individually and as the Administratrix of the Estate of Michael Miller, and Robert Vaughn, Individually, Plaintiffs v. Daimler AG, Chrysler LLC, DaimlerChrysler Corporation, U-Haul Co. of Georgia, Defendants, Case No. 2008-EV-006242J (the "State Action").

On or about April 30, 2009, Chrysler LLC and 24 of its domestic direct and indirect subsidiaries (collectively the "Debtors") filed for bankruptcy protection in the United States Bankruptcy Court of the Southern District of New York (the "Bankruptcy Court"). By orders of the Bankruptcy Court the Debtors' chapter 11 cases were consolidated for procedural purposes only and are being administered jointly. The consolidated Bankruptcy Case No. 09-50002 is pending before Judge Arthur J. Gonzalez. In connection with the filing of the Bankruptcy Case, the Debtors, Fiat S.p.A. ("Fiat") and Chrysler Group,

2

LLC (then known as New Carco Acquisition LLC) ("Chrysler Group" or "Defendant") entered into a Master Transaction Agreement dated April 30, 2009 (Def.'s Br. [11], Ex. D) (the "Purchase Agreement"). The Purchase Agreement provided, *inter alia*, that the Debtors would sell substantially all of their operating assets to Chrysler Group and Fiat. After giving notice to all interested parties, including the Plaintiffs here, the Bankruptcy Court held a three day evidentiary hearing to consider the sale of substantially all of the Debtors' assets.

Plaintiffs had notice of the hearing and were represented by counsel in the Bankruptcy Court by virtue of their membership in the "Ad-Hoc Committee of Consumer Victims of Chrysler LLC" ("Ad-Hoc Committee"). See Verified Statement of Schnader Harrison Segal & Lewis LLC Pursuant to Bankruptcy Rule 2019, In re Old Carco LLC (f/k/a Chrysler LLC), No. 09-50002, (Bankr. S.D.N.Y. filed May 20, 2009)[Docket No. 1451] (Def.'s Br. [11], Ex. E) (identifying all members of the Ad-Hoc Committee including Plaintiffs at p. 6 of Exhibit A thereto). Counsel for the Ad-Hoc Committee objected to the proposed sale "free and clear of all liens" by filing a written motion and opening statement for the evidentiary hearing objecting to the proposed sale and participated in the evidentiary hearing. See Corrected Limited Objection to the

3

Debtors' Motion For an Order Authorizing the Sale of Substantially all of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances and Reservation of Rights of the Ad-Hoc Committee of Consumer-Victims of Chrysler LLC, In re Old Carco LLC (f/k/a Chrysler LLC), No. 09-50002, (Bankr. S.D.N.Y. filed May 19, 2009)[Docket No. 1777] (Def.'s Br. [11], Ex. F).

After the hearing and analyzing all motions and objections, the Bankruptcy Court issued its Opinion Granting Debtors' Motion Seeking Authority to Sell, Pursuant to 11 U.S.C. § 363, Substantially All of the Debtors' Assets, In re Old Carco LLC (f/k/a Chrysler LLC), No. 09-50002, (Bankr. S.D.N.Y. May 31, 2009)[Docket No. 3073] (Def.'s Br. [11], Ex. G), which expressly considered and overruled the Ad-Hoc Committee's objections to the sale; specifically, the Court overruled the objections that then pending actions against the Debtors, for alleged tortious conduct were not assumed by Chrysler Group. The Bankruptcy Court entered its Order (I) Authorizing the Sale of Substantially all of the Debtors' Assets Free and Clear of all Liens, Claims, Interests and Encumbrances, (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection Therewith And Related Procedures and (III) Granting Related Relief on June 1, 2009. In re

4

Old Carco LLC (f/k/a Chrysler LLC), No. 09-50002, (Bankr. S.D.N.Y. May 20, 2009)[Docket No. 3232] (Def.'s Br. [11], Ex. H) (hereinafter "Sale Order").

In the Sale Order, the Bankruptcy Court approved the Purchase Agreement and held that the purchaser, (Fiat and Chrysler Group), "its successors or assigns or any of their respective affiliates" shall not have "any liability for any claims that (a) arose prior to the Closing Date …." Id. at p.40.

The Court ordered that :

> The Purchaser shall not be deemed, as a result of any action taken in connection with the Purchase Agreement or any of the transactions or documents ancillary thereto or contemplated thereby or the acquisition of the Purchased Assets to: a) be a legal successor, or otherwise be deemed a successor to the Debtors (other than with respect to any obligations arising under the Assumed Agreements from and after the Closing); (b) have, *de facto* or otherwise, merged with or into the Debtors; or (c) be a mere continuation or substantial continuation of the Debtors or the enterprise of the Debtors. Without limiting the foregoing, the Purchaser shall not have any successor, derivative or vicarious liabilities of any kind or character for any Claims, including, but not limited to, on any theory of successor or transferee liability, *de facto* merger or continuity, environmental, labor and employment, products or antitrust liability, whether known or unknown as of the Closing, now existing or hereafter arising, asserted or unasserted, fixed or contingent, liquidated or unliquidated.

Id. at pp. 40-41.

The Purchase Agreement and Amendments to the Purchase Agreement expressly identify the liabilities that Fiat and Chrysler Group did not assume. Article II Section 2.09 (i) and (j) identified the excluded liabilities applicable to the case at bar:

> (I) all Product Liability Claims arising from the sale of Products or Inventory prior to the Closing;
> (j) all Liabilities in strict liability, negligence, gross negligence, or recklessness for acts or omissions arising prior to or ongoing at the Closing;…

The Purchase Agreement defines "Product Liability Claim" to mean "any Action or action taken or otherwise sponsored by a customer arising out of, or otherwise relating to in any way in respect of claims for personal injury, wrongful death or proper damage resulting from exposure to, or any other warranty claims…with respect to, Products or items purchased, sold, consigned… by the [Debtors]…whether such claims or causes of action are known or unknown or asserted or unasserted." Purchase Agreement at p. 90.

Article II Section 2.08 (g) and (o) sets forth the assumed liabilities Plaintiffs allege are relevant to this litigation.

> (g) all Liabilities pursuant to product warranties (including extended services contracts purchased from on of the Debtors), product returns and rebates on vehicles sold by Sellers prior to the Closing;
> (o) Liabilities for additional repairs, refund or replacement of a

6

> defective vehicle (including reasonable attorneys fees, if any, required to be paid under such Lemon Laws and necessarily incurred in obtaining those remedies), whether for claims, causes of action, or regulatory obligations arising now or in the future, under Lemon Laws on vehicles manufactured by the Sellers in the five (5) years prior to the Closing (without extending any statute of limitations provided under such Lemon Laws), but, in any event, not including punitive, exemplary, special, consequential or multiple damages or penalties and not including any claims for personal injury or other consequential damages that may be asserted in relationship to such vehicles under the Lemon Laws; and…

The Bankruptcy Court expressly retained jurisdiction to "interpret, enforce and implement the terms and provisions of this Sale Order and the Purchase Agreement . . . [and] to adjudicate disputes related to this Sale Order and the Purchase Agreement." Sale Order at ¶ 43. The transaction identified in the Purchase Agreement closed on June 10, 2009 and the estate of the Debtors continues to be administered in bankruptcy. In re Old Carco LLC (f/k/a Chrysler LLC), No. 09-50002, (Bankr. S.D.N.Y.).

On or about August 13, 2009, Plaintiffs moved for and were granted permission by the State Court to amend their Complaint to add Chrysler Group as a defendant based on the assertions by Plaintiffs that Chrysler LLC "re-emerged from bankruptcy as Chrysler Group LLC" and that "Chrysler Group LLC is liable as a successor corporation in Georgia." Mot. to Add Additional

7

Party Defendant at ¶ 1 (Notice of Removal [1], Ex. ). Plaintiffs' Amendment to their Complaint alleges that Chrysler Group is liable as a successor corporation to Chrysler LLC and Daimler Chrysler Corporation and is honoring the warranties." Amendment, filed August 13, 2009, State Court of Fulton County. Chrysler Group timely removed the State Action to this Court pursuant to its Notice of Removal because the State Action, *inter alia*, is a civil proceeding arising under, in, or related to cases under Title 11 United States Code (the "Bankruptcy Code") over which the district courts have original jurisdiction under 28 U.S.C. § 1334.

The case involves the assertion of claims which arose prior to the filing of the bankruptcy petition by Chrysler LLC n/k/a Old Carco LLC on or about April 30, 2009. Specifically, it alleges that Michael Miller died as a result of an accident which occurred on August 16, 2007 and that the defective or negligent design of the 2005 Dodge Dakota and alleged negligence of U-haul in the rental of the U-haul trailer attached to the vehicle caused or contributed to cause the death.

AO 72A
(Rev.8/82)

**Discussion**

Pursuant to 28 U.S.C. § 1412, Defendant Chrysler Group LLC ("Defendant" or "Chrysler Group") moves this Court to transfer the above matter to the United States District Court for the Southern District of New York, for referral to the United States Bankruptcy Court in that District. Defendant asserts that the civil action before this court against Chrysler Group and Chrysler LLC is an obvious and impermissible attempt to re-litigate claims and issues already decided by the Bankruptcy Court. Defendant contends that the claims raised by Plaintiffs in their Complaint as amended relate directly to and violate orders and opinions issued by the Bankruptcy Court approving the bankruptcy sale of assets to Chrysler Group free and clear of such claims and relate to issues currently being raised in the Bankruptcy Court.

Section 1412 of Title 28 of the United States Code provides that "[a] district court may transfer a case or proceeding under Title 11 to a district court for another district, in the interest of justice and for the convenience of the parties." Defendants seek transfer of the case in the interest of justice. The following factors are to be considered when deciding whether to transfer a case in the interest of justice:

9

> (a) The economics of the estate administration;
> (b) The presumption in favor of the "home court;"
> (c) Judicial efficiency;
> (d) The ability to receive a fair trial;
> (e) The state's interest in having local controversies decided within its borders, by those familiar with its laws;
> (f) The enforceability of any judgment rendered;
> (g) The Plaintiff's original choice of forum.

In Re: Terry Manuf., Inc., 323 B.R. 507, 510 (Bankr. M.D. Ala. 2005). "The most important factor is whether the transfer of the proceeding would promote the economic and efficient administration of the estate." In Re: Butcher, 46 B.R. 109, 112 (Bankr. N.D. Ga. 1985).

Transfer of this action would promote the efficient administration of the bankruptcy estate. The Bankruptcy Court has already ruled on similar issues and explicitly retained jurisdiction over matters relating to the Sale Order. Issues raised in the present action require interpretation and application of the Sale Order. The case remains open in the Bankruptcy Court.

Further, the issues raised in the present action are likely to be raised in other proceedings. These matters can be more efficiently addressed by a single court, and the Bankruptcy Court is the proper forum for resolution of these issues.

10

"A majority of the courts that have considered whether change of venue is appropriate have created a presumption that the bankruptcy court in which the debtor's case is pending, the home court, is the proper venue for adjudicating all proceedings in the case, including state actions removed to a bankruptcy court in which the debtor's case is not pending." In Re: Harnischveger Indus., Inc., 246 B.R. 421, 439 (Bankr. N.D. Ala. 2000). The Bankruptcy Court is the "home court" in this action. As the Court has found above, economic and efficient administration of the estate will be promoted by allowing the "home court" to decide the issues raised in this case.

Though Plaintiffs originally brought this action in the State Court of Fulton County, Georgia, Plaintiffs asserted their claims in the Bankruptcy Court. The Court recognizes the consideration to be given to a plaintiff's choice of forum as well as the convenience afforded to the parties by litigating an action in the state in which the incident occurred. However, in this instance, the Court finds those factors outweighed by the substantial efficiencies gained by permitting the Bankruptcy Court to consider this case. Allowing the Bankruptcy Court to address the threshold issues raised by Defendants does not preclude this case from ultimately being tried in the State Court of Fulton County once a determination of the proper parties and claims is made.

11

However, in the present posture of the case, these threshold issues need to be resolved by the Bankruptcy Court.

## **Conclusion**

Based on the foregoing, the Court concludes that this action should be transferred to the United States Bankruptcy Court for the Southern District of New York. Therefore, Chrysler Group, LLC's Motion to Transfer Venue [11] is hereby **GRANTED**. The Clerk shall **TRANSFER** this action to the United States District Court for the Southern District of New York for referral to the United States Bankruptcy Court in that district.

In light of the Court's decision to transfer this action, Plaintiff's Motion to Stay Consideration [12] and Motion to Remand to State Court and/or Abstain [17] are **DENIED**. Defendant Daimler AG's Motion to Dismiss [20] is **DENIED**, **WITH RIGHT TO REFILE** following transfer.

**SO ORDERED**, this  3rd  day of December, 2009.

**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)